FLND Form 245B (rev 12/2003) Judgment in a Criminal Case                                    Page 1 of 8
ASHLIE EBONY MOTHERSILL    1:05CR39-006(SS)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                              Case # 1:05CR39-006(SS)

**ASHLIE EBONY MOTHERSILL**

                                                      USM #20396-017

                                                      Defendant's Attorney:
                                                      Terry Silverman (Appointed)
                                                      500 E. University Avenue, Suite D
                                                      Gainesville, FL 32601

_____

## AMENDED* JUDGMENT IN A CRIMINAL CASE

The defendant pled guilty to Counts 1, 6, and 7 of the Second Superseding Indictment on April 26, 2006.  Accordingly, **IT IS ORDERED** that the defendant is adjudged guilty of such count(s) which involve(s) the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. §§1951 and 2 | Conspiracy to Commit Robbery Affecting Interstate Commerce | August 31, 2005 | 1 |
| 18 U.S.C. §§1951 and 2 | Robbery Affecting Interstate Commerce | July 29, 2005 | 6 |
| 18 U.S.C. §§ 924(c)(1)(A) and 2 | Using or Carrying a Firearm During the Commission of a Crime of Violence | July 29, 2005 | 7 |

The defendant is sentenced as provided in the following pages of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984, including amendments effective subsequent to 1984, and the Sentencing Guidelines promulgated by the U.S. Sentencing Commission.

---

\* Defendant's original sentence was vacated by the Eleventh Circuit Court of Appeals by a mandate issued on November 28, 2007.  See doc. 400.  This amended judgment reflects the new sentencing proceeding, and replaces the original judgment imposed on August 14, 2006 and signed August 25, 2006.  See doc. 264.

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  *Page 2 of 8*
ASHLIE EBONY MOTHERSILL    1:05CR39-006(SS)


**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

          Date of Imposition of Sentence:
          February 12, 2008


          *s/ Stephan P. Mickle*
          STEPHAN P. MICKLE
          UNITED STATES DISTRICT JUDGE

          Date: February 25, 2008

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **twenty-four (24) months** as to Count 7 and **one (1) day** as to Counts 1 and 6, with said terms to run concurrently with each other and consecutively to the term imposed on Count 7.

The Defendant shall surrender to the United States Marshal at Tampa, Florida, or at a designated institution, for service of sentence on or before **March 4, 2008** by **12:00 Noon.** Upon return of the executed judgment, the bond is exonerated.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case                                    Page 4 of 8
ASHLIE EBONY MOTHERSILL    1:05CR39-006(SS)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **four (4) years** as to each of Counts 1, 6, and 7, with said terms to run concurrently and with credit for time served on previous term of probation.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime and shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the following standard conditions that have been adopted by this court.

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;

2. the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. the defendant shall support his or her dependents and meet other family responsibilities;

5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case* *Page 5 of 8*
ASHLIE EBONY MOTHERSILL    1:05CR39-006(SS)

10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11. the defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14. if this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

15. The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

16. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1. The defendant shall not own or possess a firearm, dangerous weapon or other destructive device.

2. The defendant shall participate in the home confinement program, with electronic monitoring, for a period of one (1) year, with the cost of such monitoring to be paid by the defendant. Credit shall be given for the defendant's participation in the program in service of her previous term of probation.

3. The defendant shall participate in a program of drug and/or alcohol testing, treatment and counseling, which may also include in-patient drug treatment. The administrative supervision of such treatment shall be as directed by your probation officer.

4. The defendant shall remain gainfully employed or continue with her education while under supervision. The defendant shall make a good faith effort to complete her college education.

5. The defendant shall submit all financial information to the U.S. Probation Officer.

6. The defendant shall pay restitution in monthly installments of not less than $200.00.

7. The defendant shall complete 500 hours of community service work as directed by the U.S. Probation Officer. Credit shall be given for community service hours already completed from the defendant's previous term of probation.

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  *Page 6 of 8*
ASHLIE EBONY MOTHERSILL    1:05CR39-006(SS)

     Upon a finding of a violation of probation or supervised release, I understand the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

     These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.

_____      _____
Defendant      Date

_____      _____
U.S. Probation Officer/Designated Witness      Date

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  *Page 7 of 8*
ASHLIE EBONY MOTHERSILL   1:05CR39-006(SS)

# CRIMINAL MONETARY PENALTIES

All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the Court. Payments shall be made payable to the Clerk, U.S. District Court, and mailed to 111 N. Adams St., Suite 322, Tallahassee, FL 32301-7717. Payments can be made in the form of cash if paid in person.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

## SUMMARY

| Special Monetary Assessment | Fine | Restitution |
|---|---|---|
| $300.00* | None | $20,142.00 |

## SPECIAL MONETARY ASSESSMENT

A special monetary assessment of $300.00 was paid in full on August 14, 2006.

## FINE

No fine imposed.

## RESTITUTION

Restitution in the amount of $20,142.00 is imposed.

The defendant shall make restitution to the following victims in the amounts listed below.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered |
|---|---|---|
| Florida Auto & Payday Loans | $14,550.00 | $14,550.00 |
| First American Cash Advance | $3,292.00 | $3,292.00 |
| Nations Quick Cash | $2,300.00 | $2,300.00 |

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise.  If nominal payments are made by the defendant the court authorizes those payments to be made to the victims on a rotating basis.

The amount of loss and the amount of restitution ordered will be the same unless, pursuant to 18 U.S.C. § 3664(f)(3)(B), the court orders nominal payments and this is reflected in the Statement of Reasons page.

**The restitution as to First American Cash Advance and Nations Quick Cash is jointly and severally owed with co-defendants S.T. Vaughn III; Gerald Jerome Raymond; Keara Nikyela Johnson; and Jenise Angella Mangaroo.**

**The restitution to Florida Auto and Payday Loans is jointly and severally owed with co-defendants Gerald Jerome Raymond and Keara Nikyela Johnson.**

The Court has determined that the defendant does not have the ability to pay interest.  It is **ORDERED** that:    In the interest of justice, interest on restitution is hereby waived.

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) special monetary assessment; (2) non-federal victim restitution; (3) federal victim restitution; (4) fine principal; (5) costs; (6) interest; (7) penalties in full immediately

The defendant must notify the court of any material changes in the defendant's economic circumstances, in accordance with 18 U.S.C. §§ 3572(d), 3664(k) and 3664(n).  Upon notice of a change in the defendant's economic condition, the Court may adjust the installment payment schedule as the interests of justice require.

Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. § 3664(f)(3)(A):

Unless the court has expressly ordered otherwise above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  In the event the entire amount of monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due.  The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.